**PORT CONSTRUCTION COMPANY,**
Appellant in No. 17,615,

v.

**VIRGIN ISLANDS HOUSING AUTHORITY, Appellant in No. 17,616.**

Nos. 17615, 17616.

United States Court of Appeals, Third Circuit.

Argued Jan. 30, 1970.

Decided April 2, 1970.

Rehearing Denied in No. 17615 May 25, 1970.

See also, D.C., 284 F.Supp. 774.

Robert Sheriffs Moss, Hart, Moss & Tavenner, Washington, D. C., William W. Bailey, Charlotte Amalie, V. I., for Port Const. Co.

Clarence Fried, Hawkins, Delafield & Wood, New York City, Virgin Islands Housing Authority, by John B. Nichols, Asst. Atty. Gen., Charlotte Amalie, V. I., for Virgin Islands Housing Authority.

Before HASTIE, Chief Judge, and STALEY and STAHL,* Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant Port Construction Company, a Florida corporation, sued the Virgin Islands Housing Authority for breach of contract in the District Court of the Virgin Islands. The case was tried to the court. At the conclusion of all the evidence, the court dismissed the case with costs to defendant. Port Construction Company in No. 17615 appeals from the judgment of the district court dismissing the case, and the Virgin Islands Housing Authority has filed a cross-appeal in No. 17616 from that portion of the order which denies its claim for counsel fees and from the district court's denial of its motion for security for costs.

The contract in issue had been awarded to Port by the Authority after bids were taken for the construction of a 45 unit housing project in Charlotte Amalie on the Island of St. Thomas. The cost of the job went well over Port's bid, principally because 530 additional days were required to complete the work. Some adjustments to the bid were allowed by the Authority at the completion of the work; even with these allowances, however, Port took an overall loss on the job. It seeks to recover that loss by this action, alleging that the Authority's breaching of the contract caused the work to be delayed.

The Authority argues that the terms of the written contract preclude any claim for damages because of delay. It was specified in Paragraph 13(b) of the contract that "No payment * * * shall be made to the contractor for damages because of hindrance or delay from any cause in the progress of the work, whether such hindrances or delays be avoidable or unavoidable." We agree that Port was bound by this provision of the contract. F. D. Rich v. Wilmington Housing Authority, 392 F.2d 841 (C.A.3, 1968). The judgment of the district court in No. 17615 will be affirmed.

With respect to the cross-appeal of the Virgin Islands Housing Authority in No. 17616, there are two preliminary motions before this court. The Authority's cross-motion that the court require Port Construction Company to provide security for the costs of this appeal will be denied. The motion by Port Construction Company to dismiss the cross-appeal will be denied in light of this court's decision.

The cross-appeal by the Authority is from the denial of its motion for security for costs and the refusal of its claim for counsel fees. The district court denied the motion for security for costs because it was not timely, having been first made after the trial had began. The

* Judge Stahl heard the argument and participated in the consideration of the appeal in this case but not in the decision which occurred after his death.

Authority argues that it did not learn of Port's insolvency until that time, and that under special circumstances such as these, the court should have allowed its motion. Port Construction Company instituted the suit in April of 1964; the motion for security for costs was not made until April 1968, after the case had been in trial two weeks. Port had been dissolved by a gubernatorial proclamation on January 1, 1965. The award of counsel fees and the posting of security for costs are matters clearly within the discretion of the district court. A study of the record convinces us that the district court did not abuse its discretion. The orders of the district court in No. 17616 will therefore be affirmed.